# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| LEEERIC TYRONE BESS BEY | CIV. ACTION NO. 3:26-00181 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| M M J STORAGE, L. L. C., ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

Leeeric Bess-Bey (hereinafter, "Plaintiff"), who is proceeding *in forma pauperis*, filed the instant, pro se civil action against MMJ Self Storage, L.L.C. ("MMJ Storage") and owners/agents, "Matt," "Mike," and "Joseph" (collectively, "Defendants"). (Notice of Claim and Precept for Writ of Possession [doc. # 1]). Upon review, Plaintiff's pleadings do not assert a colorable federal claim, and there is no indication of diversity of citizenship. Accordingly, IT IS RECOMMENDED that this civil action be DISMISSED, without prejudice, for lack of subject matter jurisdiction.

## Background

Plaintiff alleges that he is a "Moorish American and Indigenous Sovereign National." *See* Notice of Claim, Preamble [doc. # 1]; Cert. of Service [doc. #s 1-8] (itemizing documents). Succinctly stated, he contends that Defendants are unlawfully preventing him from obtaining the possessions of his deceased mother, Rosetta Thomas, which are being stored in MMJ Storage's Unit/Building E2, at 1933 Winnsboro Road, Monroe, Louisiana. (Notice and Declaration of Right and Property Claim [doc. # 1-2]; Affidavit of Heirship [doc. # 1-6]). He further alleges that, "[t]his action is a Claim of Right and a Precept for a Writ of Possession regarding the Estate of Rosetta Thomas (Unit E2)." (Judicial Notice and Administrative Cover Sheet [doc. # 1-4]).

Plaintiff maintains that this suit is a "demand for 'Aid and Justice' under International Treaty Law and the protection of private property from unlawful seizure." *Id*.  He seeks to vindicate his rights as a human being, as recognized and supported by the following authority:

- The Declaration of Independence (1776)

- The Northwest Ordinance, Art. II (1787)

- The Fifth Amendment (Due Process and Takings Clause)

- The Fourteenth Amendment (Due Process Clause)

- Universal Declaration of Human Rights, Art. 17 (1948)

- United Nations Declaration on the Rights of Indigenous Peoples ("UNDRIP")

- The Supremacy Clause (U.S. Constitution, Art. VI, Clause 2)

- Treaty of Peace and Friendship between the United States and the Empire of Morocco, Arts. 21-22 (1836)

(Notice and Declaration of Right and Property Claim [doc. # 1-2]).

Plaintiff further alleges that "[t]he property is held pursuant to a[n] unconscionable lease agreement between the storage building owner and [his] deceased mother, Rosetta Thomas. [Plaintiff] as the heir and rightful possessor, has the inherent right to immediate, unencumbered access to this unit and its contents." *Id*., pg. 4.  Therefore, he accuses Defendants of conversion, trespass, criminal fraud and swindling, plus an unlawful lien. *Id*., pgs. 4-5.  He seeks the immediate and unconditional relinquishment of control and restoration of physical access to the property, without the payment of any fee or condition precedent. *Id*.  He also requests the immediate and unconditional termination of any and all presumed liens, claims of debt and encumbrances. *Id*.  Finally, he requests compensatory damages stemming from Defendants' tortious and extortive actions. *Id*.

Over the next few months, Plaintiff filed a multitude of notices and writs. *See* doc. #s 3-4, 8-10, 12-13, 17-18, 25, 29-30. Eventually, on March 3, 2026, Plaintiff purported to serve Defendant, MMJ *Storage*. On March 23, 2026, however, an entity named MMJ *Real Estate*, L.L.C. ("MMJ Real Estate") appeared in the case, on behalf of the purportedly improperly named MMJ Storage, by filing a Rule 12(b)(5) motion to dismiss for insufficient service of process. (M/Dismiss [doc. # 21]). However, MMJ Real Estate later withdrew its motion to dismiss and filed answers to Plaintiff's pleading(s). *See* doc. #s 26-27, 31-32.

Most recently, Plaintiff filed three more notices seeking a favorable adjudication of his claims, including a request for injunctive relief. *See* doc. #s 33-35. He represented that Defendants were threatening to auction off the contents of Unit E2 if the outstanding balance of $255.00 was not paid in full. (Notice of Suppl. Evidence [doc. # 35]). On April 21, 2026, the District Court denied Plaintiff's motion for emergency writ of injunction. (Mem. Order [doc. # 36]).

## Analysis

### A.    Introduction

Plaintiff is proceeding *in forma pauperis*, and this court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. *Humphries v. Various Federal U.S. INS Employees*, 164 F.3d 936, 941 (5th Cir. 1999).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution

3

and statute." *Id*. There is a presumption that a suit lies outside that limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. *Settlement Funding, LLC v. Rapid Settlements, Limited*, 851 F.3d 530, 537 (5th Cir. 2017).

The Federal Rules of Civil Procedure require that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends. FED. R. CIV. P. 8(a)(1). The instant complaint lacks such a statement. The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A review of the record indicates that neither basis supports jurisdiction here.

**B.      Federal Question Jurisdiction**

"[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998) (citations omitted). Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution, laws, or treaties of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 513 (2006) (citation omitted). A district court should dismiss the case where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013).

First, Plaintiff does not actually cite a federal statute. Moreover, although Plaintiff alleged that Defendants transgressed myriad constitutional rights, violations of constitutional rights are not redressable directly. Rather, Plaintiff must pursue his constitutional claims via 42

4

U.S.C. § 1983, or not at all. *Coleman v. Mississippi Dep't of Marine Res.*, Civ. Action No. 16-0289, 2016 WL 5794772, at *2 (S.D. Miss. Oct. 4, 2016) (citations omitted); *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994) (constitutional claims are subject to dismissal where plaintiff did not invoke § 1983); *Mitchell v. City of Houston, Tex.*, 57 Fed. Appx. 211 (5th Cir. 2003).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, *and* must show that the alleged deprivation was committed by a person acting under color of state law." *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (emphasis added). Private entities generally are not considered state actors. *Meade v. Dillard Dept. Stores*, 275 F.3d 43, 43 (5th Cir. 2001). Traditionally, "acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). Here, there are no facts to suggest that Defendants are anything but private entities or individuals.

Furthermore, Plaintiff cannot maintain a private right of action based on the other cited bases. First, the Supremacy Clause does not provide an independent cause of action. *Reed-Bey v. Guo*, Civ. Action No. 25-1880, 2025 WL 2687478, at *4 (E.D. Cal. Sept. 19, 2025), *R&R adopted,* 2026 WL 761320 (E.D. Cal. Mar. 18, 2026) (citation omitted). Similarly, there is no private right of action to enforce the Declaration of Independence. *Hutton v. U.S. Dep't of Veterans Affairs*, Civ. Action No. 24-0198, 2024 WL 4135473, at *5 (E.D. Tenn. Sept. 10, 2024), *R&R adopted,* 2024 WL 4350329 (E.D. Tenn. Sept. 30, 2024) (citations omitted); *Rywelski v. Biden*, No. 23-5099, 2024 WL 1905670, at *2 (10th Cir. May 1, 2024) (Declaration

5

of Independence is a statement of principles and ideas, not of law, and does not grant enforceable rights).  Plaintiff's invocation of the Northwest Ordinance of 1787 also proves unavailing.  *See Strader v. Graham*, 51 U.S. 82, 96–97 (1850) (the Ordinance ceased to be in force upon adoption of the Constitution, and, thus, cannot be a source of jurisdiction).

While Plaintiff principally contends that he is entitled to relief under the Treaty of Peace and Friendship between the United States and the Empire of Morocco, Arts. 21-22 (1836), there is no private cause of action under the Treaty of Peace and Friendship either.[1]  *See Bey v. Butzbaugh*, Civ. Action No. 13-1173, 2014 WL 5149931, at *5 (W.D. Mich. Oct. 14, 2014) (collecting cases); *Bey v. Bray*, Civ. Action No. 22-0933, 2023 WL 5987393, at *7 (E.D. Tex. Aug. 1, 2023), *R&R adopted,* 2023 WL 6162742 (E.D. Tex. Sept. 21, 2023) (insofar as plaintiff is asserting immunity from federal and state laws under the Moroccan-American Treaty of Peace, such claims are meritless).[2]  Further, there is no private right of action under the Universal Declaration of Human Rights ("UDHR") or the United Nations Declaration on the Rights of Indigenous Peoples ("UNDRIP"). *Doe v. Sequoia Capital Operations LLC*, Civ. Action No. 25-01754, 2025 WL 4100309, at *18 (E.D. La. Nov. 25, 2025), *R&R adopted,* 2026 WL 266860 (E.D. La. Feb. 2, 2026) (UDHR); *Castellan-Barrera v. Bondi*, 24-60432, 2025 WL

---

[1] Even if Plaintiff could premise jurisdiction on the Treaty, he cited Articles 21 and 22, which are inapplicable.  The former article addresses a situation where a U.S. citizen kills or wounds a Moor, whereas the latter contemplates the death of an American in Morocco.  *See* https://avalon.law.yale.edu/19th_century/bar1836t.asp (Last visited on April 22, 2026). Clearly, neither situation is present here.

[2] Plaintiff cites *Kolovrat v. Oregon*, which recognized that, "rights of succession to property under local law may be affected by an overriding federal policy when a treaty makes different or conflicting arrangements. In such event, the state policy must give way." *Kolovrat v. Oregon*, 366 U.S. 187, 190 (1961) (quoted source omitted).  However, the Supreme Court heard that case pursuant to its own exclusive grant of jurisdiction to review such decisions from the highest court of a *State.  See* 28 U.S.C. § 1257.

1577823, at *2 n.4 (5th Cir. June 4, 2025) (UDHR); Reed-Bey, 2025 WL 2687478, at *4 (UNDRIP) (citation omitted).

In sum, Plaintiff has not set forth a colorable claim for relief under the Constitution, laws, or treaties of the United States. Consequently, the Court lacks federal question jurisdiction.

**C.      Diversity Jurisdiction**

The Court may still exercise jurisdiction if Plaintiff meets the requirements for diversity jurisdiction under 28 U.S.C. § 1332. For diversity jurisdiction, "[a]ll plaintiffs must be diverse in citizenship from all defendants in an action brought under the jurisdiction conferred by 28 U.S.C. § 1332(a)." *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). Moreover, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Therefore, in his pleadings, Plaintiff must invoke diversity jurisdiction, set forth the citizenship of the parties, **and** allege that the amount that he seeks to recover exceeds $75,000.

When jurisdiction depends on diversity of citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). This rule requires "strict adherence." *Id*. Here, the pleading does not allege the domiciles of the individual parties.[3] Moreover, Plaintiff did not allege the members of MMJ Storage or MMJ Realty and their citizenship. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (the citizenship of a limited liability company ("LLC") is

---

[3] For individual parties, the courts have equated domicile with citizenship. *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974).

determined by the citizenship of all of its members).[4]  In addition, Plaintiff did not allege in his pleading that the amount in controversy exceeded $75,000.  *See* doc. # 1.[5]

In sum, Plaintiff's pleadings do not set forth requisite jurisdictional facts for the exercise of diversity jurisdiction.   In the absence of original subject matter jurisdiction, the Court is unable to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

**D.     Amendment**

Generally, a *pro se* plaintiff should be permitted to amend his complaint before it is dismissed.  *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  However, a district court may deny leave to amend if the proposed amendment is futile.  *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) (citations omitted).  Here, an amendment to perpetuate baseless Moorish citizen theories of relief is the epitome of futility.  *See Bey*, 2023 WL 5987393, at *8 (denying leave to amend because the court lacked subject matter jurisdiction to entertain claims based on meritless and frivolous sovereign citizen theories of recovery); see also *Bey v. Progressive Ins. Co.*, No. 24-50890, 2025 WL 3124837, at *1 (5th Cir. Nov. 7, 2025) (unpubl.)  (finding no error with the district court's finding that plaintiff's claim to protections under the Moroccan-American Treaty of Peace and Friendship and the UNDRIP were indisputably meritless).

---

[4] For each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership **until one reaches only individuals and/or corporations**.  *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship down the various organizational layers); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

[5]  According to his filings, Plaintiff apparently is seeking to avoid paying $255.00 in back rent and fees.  *See* Mem. Order [doc. # 36].

Accordingly, on the present record, the Court declines to accord Plaintiff an opportunity to amend his pleadings.

### Conclusion

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and he has not asserted a colorable, non-frivolous federal claim that would support the exercise of federal question jurisdiction.  It is possible that he has asserted viable state law claims against Defendants, but "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."  *Gutierrez v. Flores*, 543 F.3d 251, 252 (5th Cir. 2008) (quoting *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008)).  There may be a proper court or forum for Plaintiff to seek relief on his state law claims (i.e. state court), but this federal court is not it.

Accordingly,

IT IS RECOMMENDED that this case be dismissed without prejudice for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(h)(3).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before a final ruling issues.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 22nd day of April, 2026.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE