UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

LEEERIC TYRONE BESS BEY

VERSUS

M M J STORAGE L L C ET AL

CASE NO.  3:26-CV-00181

JUDGE TERRY A. DOUGHTY

MAG. JUDGE KAYLA D. MCCLUSKY

## JUDGMENT

After considering the Report and Recommendation of the Magistrate Judge previously filed herein [Doc. No. 37], the written and filed objections of Plaintiff, Leeeric Tyrone Bess Bey ("Plaintiff") [Doc. No. 39], the Court is inclined to further address the objections filed by Plaintiff. Plaintiff asserts there are three errors within the Report and Recommendation of omission, fact, and law.[1] The Court will address each in turn.

First, Plaintiff argues the Magistrate Judge erred in failing "to acknowledge or address the Amended Writ of Quo Warranto," which contained "the $10,500,000.00 jurisdictional valuation and the specific statutory claims" to satisfy the requirements of federal question subject matter jurisdiction under 28 U.S.C. § 1331.[2] To clarify, there is no amount-in-controversy requirement for the Court to have federal question subject-matter jurisdiction under § 1331. Federal jurisdiction under § 1331 "is properly invoked when plaintiff pleads a colorable claim 'arising under' the

---

[1] [Doc. No. 39, pp. 1–2].
[2] [Id. at pp. 1–3].

Constitution, laws, or treaties of the United States."[3] 28 U.S.C. § 1331. Plaintiff claims to have cited "15 U.S.C. § 1692e and 15 U.S.C. [§§ 1–2]" in his Amended Writ of Quo Warranto; however, only § 1 is present in his filing, and the rest of the alleged statutes are notably absent.[4] Disregarding the fact that Plaintiff failed to allege how an antitrust violation exists in his case, Plaintiff's reliance on § 1 of the Sherman Antitrust Act does not provide a private right of action; it merely defines the illegality of contracts or conspiracies in restraint of trade.[5] 15 U.S.C. § 1.

In Plaintiff's Amended Writ of Quo Warranto, he lists 18 U.S.C. §§ 1505, 1341, and 242, which similarly do not afford Plaintiff a private right of action as they are all criminal statutes, and, thus, only federal prosecutors may bring charges under these statutes.[6] The Court agrees with the Magistrate Judge's findings that there are no other private rights of action in Plaintiff's other cited authorities throughout his many filings: the Supremacy Clause, the Declaration of Independence, the Northwest Ordinance, the Treaty of Peace and Friendship between the United States and the Empire of Morocco, the Universal Declaration of Human Rights, or the United Nations Declaration on the Rights of Indigenous Peoples.[7] As Plaintiff has not alleged a colorable claim for relief under the Constitution, laws, or treaties of the United

---

[3] [Doc. No. 37, p. 4 (citing *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 513 (2006) (citation omitted))].
[4] [Doc. No. 25].
[5] Instead, the Clayton Act provides the necessary enforcement mechanism. Specifically, 15 U.S.C. § 15(a) grants a private cause of action for injuries sustained "by reason of anything forbidden in the antitrust laws," while 15 U.S.C. § 26 authorizes private parties to seek injunctive relief against threatened loss or damage resulting from such violations. 15 U.S.C. §§ 15(a); 26.
[6] [Doc. No. 25, p. 4].
[7] [Doc. No. 37, pp. 5–6]; [Doc. No. 1-2, p. 2].

States, the Court does not have federal question jurisdiction over this matter. 28 U.S.C. § 1331.

Second, Plaintiff contends the amount in controversy is not $255.00, but rather alleges damages in the amount of $10,500,000.00.[8] Plaintiff claims by alleging damages of this magnitude, "[u]nder the 'Legal Certainty' test, the $75,000 threshold of 28 U.S.C. § 1332 is met,"[9] and, therefore, diversity jurisdiction applies. But Plaintiff failed to assert diversity jurisdiction in his original complaint or in his Amended Writ of Quo Warranto.[10] Even assuming Plaintiff properly invoked diversity jurisdiction in his filings before the Court, the Court does not have diversity jurisdiction over the action because Plaintiff failed to allege all the Defendants are diverse in citizenship from Plaintiff. *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139–140 (5th Cir. 1990) (holding [a]ll plaintiffs must be diverse in citizenship from all defendants in an action brought under the jurisdiction conferred by 28 U.S.C. § 1332). As diversity of citizenship was not established, this jurisdictional argument also fails.

Third, Plaintiff asserts the Report and Recommendation is incorrect in stating "state policy regarding storage liens overrides treaty-based protections."[11] Plaintiff argues under the Supremacy Clause, "state policies must give way to overriding federal treaties and the 1836 Treaty of Peace and Friendship."[12] This argument also

---

[8] [Doc. No. 39, p. 2].
[9] [Id.].
[10] *See generally* [Doc. No. 1], [Doc. No. 25].
[11] [Doc. No. 39, p. 2].
[12] [Id.].

fails because, as discussed under the first objection, there is no private cause of action under the treaty nor the Supremacy Clause.[13] Moreover, Plaintiff cites the Supreme Court's *Kolovrat v. Oregon*, 366 U.S. 187 (1961), arguing "a state cannot refuse to give foreign nationals their treaty rights because of state policy."[14] However, the Court agrees with the Magistrate Judge's determination that *Kolovrat* is inapplicable here because "the Supreme Court heard that case pursuant to its own exclusive grant of jurisdiction to review such decisions from the highest court of a *State*."[15] Because this case is not on appeal before the Supreme Court from the Louisiana Supreme Court, this argument is meritless. *See* 28 U.S.C. § 1257. As the Magistrate Judge so eloquently explains, Plaintiff's violations of constitutional rights must be pursued "via 42 U.S.C. § 1983, or not at all."[16]

As such, the Court finds that the Magistrate Judge's Report and Recommendation is correct and that judgment as recommended therein is warranted. Accordingly,

**IT IS ORDERED**, **ADJUDGED**, and **DECREED** that Plaintiff's civil action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

MONROE, LOUISIANA, this 4th day of May 2026.

---

[13] [Doc. No. 37, pp. 5–6]; *see also Bey v. Butzbaugh*, No. 13-CV-1173, 2014 WL 5149931, at *5 (W.D. Mich. Oct. 14, 2014) (collecting cases); *Bey v. Bray*, No. 22-CV-933, 2023 WL 5987393, at *7 (E.D. Tex. Aug. 1, 2023) (holding insofar as plaintiff is asserting immunity from federal and state laws under the Moroccan-American Treaty of Peace, such claims are meritless), *report and recommendation adopted*, 2023 WL 6162742 (E.D. Tex. Sept. 21, 2023); *Reed-Bey v. Guo*, No. 25-CV-1880, 2025 WL 2687478, at *4 (E.D. Cal. Sept. 19, 2025), *report and recommendation adopted*, 2026 WL 761320 (E.D. Cal. Mar. 18, 2026).

[14] [Doc. No. 39, p. 2].

[15] [Doc. No. 37, p. 6 at n. 2 (citing 28 U.S.C. § 1257)].

[16] [Id. at pp. 4–5].

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE